HAMILTON POLLOCK, Treasurer of Symmes Township, *v.* HATCH & LANGDON.

(No. 7,061.)

1. By the 3d section of an act to punish the embezzlement and use of public moneys, 2 Curwen, 1,286, a contract made by the plaintiff with the defendants, by which the latter agreed, in consideration of the deposit with them of public moneys held by the plaintiff in his official capacity, as treasurer of a township, to repay the same on demand, with interest, at the rate of six per cent. per annum, is void; and no recovery can be had thereon, either by the plaintiff or the township in its corporate capacity.
2. But the defendants acquired no title to the funds, and as bailees are bound to restore them to the township on demand, and the plaintiff, as a trustee of the money, has a right to maintain an action in his own name for its recovery, and is entitled to judgment for the amount received, and lawful interest from the time of the demand.

GENERAL TERM.—The plaintiff sued as treasurer of Symmes township, averring that as such treasurer he deposited with defendants, in April, 1857, $2,365 of the township moneys, which was to be repaid with six per cent. interest, in sums as required by plaintiff to meet the demands upon him in his official capacity; that part of said moneys have been repaid, but that there is a balance still due from defendants

of $1,065, with interest, which defendants have refused to pay over, on demand; wherefore, etc. To this petition there was a general demurrer, and judgment upon it in favor of plaintiff, to reverse which is the object of the present action.

*Strait & Hollister*, for plaintiff in error.

*Tilden, Rairden & Curwen*, for defendants in error.

SPENCER, J., delivered the opinion of the court.

The objection made to the petition is that the contract of loan was illegal and void, because prohibited by statute.

The third section of an act to punish the embezzlement and use of public moneys (2 Curwen, 1,286) provides that " if any such officer, agent or servant, shall make any contract or agreement with any person or body corporate, by which such officer, agent or servant, is to derive any benefit or advantage from the deposit, with such person or body corporate, of any moneys on valuable security, held by such officer, agent or servant, such contract shall, as to such officer, agent or servant, be utterly null and void; but the person or body corporate making such contract or agreement, shall be liable to the State, in an action for the recovery of all such benefit or advantage as would, by the terms of such contract or agreement, have accrued to such officer, agent orservant; and payment to the officer, agent or servant, shall not protect the person or body corporate against the action brought by the State."

It will be seen, from this provision, that the loan or deposit made by the plaintiff, in the present case, was as an officer or servant of the township; it was of funds belonging to the township; it secured a bonus by way of interest, and was prohibited by the express letter of the law, as it is clearly within its terms. It was, therefore, an unlawful act, and the contract founded upon it is unlawful and void. *State of Ohio* v. *Buttle's Ex'rs.*, 3 Ohio St. 319. So far, therefore,

as it is sought to hold the defendants liable, as upon an express contract to return the money with interest, it can not be enforced, upon the maxim *ex turpi contractu non oritur actio.* Nor could the township, if suing in its corporate capacity, through its trustees, maintain an action on such a contract, for, by so doing, they undertake to, and necessarily do, ratify the contract. But there is no authority vested in townships, or township trustees, more than in township treasurers, to lend the township funds on interest.

But what then—is the money entirely lost to the township? If the loan be void, the defendants acquired no title to the funds, and became the mere bailees of the plaintiff, or of the township, bound to restore the money on demand, as the property of the township. In this point of view, has the plaintiff a legal right to sue on behalf of the township? It seems to us he has, as trustee of an express trust, having a qualified interest in the funds of the township confided to his possession and safe keeping. By law he is made the depositary of the township funds, and as bailee, has a qualified interest in them after they have come into his possession, and undoubtedly has a right to reclaim them in behalf of his *cestui que trust* (the township), from all wrong-doers. Nor has he any power, by any mere act of his own, to release or surrender the right of possession and control. The defendants themselves are wrong-doers, having unlawfully come by the funds of the township, deposited in its treasury, and, whether taken with or without the consent of the treasurer, are not the less so, as he had no power to give such consent. We consider then, that this case stands upon the same principle that it would if the defendants had wrongfully taken these moneys from the strong box of the treasurer. The latter would have a right to reclaim them, as the trustee for the township. In such case, he recovers not upon contract, but for the unlawful detention or conversion of the public funds, in which plaintiff, as its custodian and representative, has a qualified interest and right of possession. The amount of such recovery should be the money

received, with lawful interest from the time of demand. For this amount, the judgment at special term was rendered, and it should, therefore, be affirmed.

Judgment affirmed.